**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 26 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRENDA M. DIEDRICH, | No.    14-36070 |
| Plaintiff-Appellant, | D.C. No. 6:13-cv-01501-CL |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, District Judge, Presiding

Argued and Submitted June 5, 2017
Portland, Oregon

Before:  TASHIMA, GOULD, and RAWLINSON, Circuit Judges.

Brenda M. Diedrich appeals the district court's order affirming the

Commissioner of Social Security's (the "Commissioner") denial of Diedrich's

application for Social Security Disability Insurance ("SSDI") benefits under Title

II of the Social Security Act.  In a separately filed opinion, we reverse in part the

district court's decision on several grounds.  In this memorandum disposition, we

---

          *       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

reject several additional challenges to the Administrative Law Judge's ("ALJ")

decision, affirming in part on those grounds. We have jurisdiction to decide this

appeal under 28 U.S.C. § 1291.

**1.** The ALJ did not err by not mentioning the January 2007 Personality

Assessment Inventory ("PAI") in its decision. ALJs "need not discuss *all* evidence

presented to [them]. Rather, [they] must explain why significant probative

evidence has been rejected." *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d

1393, 1394–95 (9th Cir. 1984) (internal quotation marks omitted). We conclude

that while the PAI may have been probative, it was not significant. Dr. Leslie

Morey cautioned in his report that the conclusions from the test "should be viewed

as only one source of hypotheses," that "[n]o decisions should be based solely on

the information contained in this report," and that the information "should be

integrated with all other sources of information in reaching professional decisions

about [Diedrich]." Dr. Morey also expressed that the report was "intended for use

by qualified professionals only," and "should not be released [to Diedrich]." These

qualifications show that the purpose of the PAI was to assist with future diagnosis

and treatment, not to give any definitive answers concerning Diedrich's symptoms

or diagnoses. The ALJ did not err by not mentioning the PAI in its decision.

**2.** The ALJ also did not err in not considering erosion of Diedrich's

occupational base. At step five, the Commissioner bears the burden of showing

2

that the claimant can perform some work different from the claimant's past work that exists in significant numbers in the national economy. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). "The Commissioner can meet this burden in one of two ways: (a) by the testimony of a vocational expert ["VE"], or (b) by reference to the Medical–Vocational Guidelines." *Id.* (internal quotation marks omitted). Determining whether any additional limitations on the claimant's ability to work "erode" the occupational base is a step necessary to determine, based on the Medical-Vocational Guidelines, the number of jobs the claimant is able to perform. But here, the ALJ relied on a VE, not the Medical-Vocational Guidelines, to determine that Diedrich could perform work existing in significant numbers in the national economy. We conclude that the ALJ was not required to assess erosion of Diedrich's occupational base.

**3.** The ALJ's step five finding that Diedrich could perform work existing in significant numbers in the national economy is supported by substantial evidence. Diedrich contends that the ALJ's residual functional capacity ("RFC") determination and hypothetical to the VE impermissibly left out any mention of Diedrich's difficulties persisting with tasks. But both the hypothetical to the VE and the RFC determination included a restriction that Diedrich could perform only "simple" tasks. This "simple" tasks limitation incorporated and reflected Diedrich's limitations as to persistence. *See Stubbs-Danielson v. Astrue*, 539 F.3d

3

1169, 1174 (9th Cir. 2008).

Diedrich next contends that the ALJ did not permit Diedrich's counsel to fully question the VE as to the basis and methodology underlying the VE's job numbers testimony, as well as to the VE's qualifications. But the ALJ allowed Diedrich's counsel to ask the VE several questions along these lines, and even after cutting Diedrich's counsel off for time reasons, gave Diedrich an opportunity to submit further briefing on the issue.

Finally, Diedrich contends that the ALJ could not rely on the VE's job numbers testimony because the record did not reflect whether the VE gave testimony based on reliable methods and data. Diedrich argues that the principles governing the admission of expert testimony in federal court should govern whether the ALJ may accept the testimony of a VE. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993). But the Federal Rules of Evidence are inapplicable in Social Security hearings. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 n.4 (9th Cir. 2005). Rather, "[a]n ALJ may take administrative notice of any reliable job information, including information provided by a VE," and the "VE's recognized expertise provides the necessary foundation for his or her testimony." *Id.* at 1218. As a result, "no additional foundation is required." *Id.* We conclude that the ALJ's step five finding was supported by substantial evidence.

The Commissioner shall bear all costs on appeal.

4

**AFFIRMED in part, REVERSED in part, and REMANDED.**

***Diedrich v. Berryhill*, Case No. 14-36070**
**Rawlinson, Circuit Judge, concurring in part and dissenting in part:**

I concur in the holdings that the Administrative Law Judge (ALJ) did not err by failing to mention the Personality Assessment Inventory, or by failing to consider erosion of the occupational base. I also agree that the finding of the ALJ that the claimant could perform work existing in significant numbers is supported by substantial evidence. *See Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016) (setting standard).

However, as discussed in my dissent to the separately filed opinion, I do not agree with the reversal of the district court's decision on any basis. I would affirm the district court decision in its entirety.

Because I would affirm the district court decision, I do not join the assessment of costs against the Commissioner.

1